IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENTSPLY INTERNATIONAL, INC.,
a Delaware Business Corporation, and
TULSA DENTAL PRODUCTS, LLC,
a Delaware Limited Liability Company,

         Plaintiffs,

v.                                                    No. 1:12-CV-00104-MCA/ACT

LEWIS AND ROCA, LLP
and THOMAS P. GULLEY, ESQ.,

         Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Lewis and Roca, LLP ("Lewis and Roca") and Thomas P. Gulley, Esq. ("Gulley" and collectively "Defendants") Motion to Compel Plaintiffs' Responses to Third Set of Interrogatories and Memorandum in Support [Doc. 93] ("Motion") filed April 10, 2013. Plaintiffs Dentsply International, Inc. ("Dentsply") and Tulsa Dental Products, LLC ("TDP" and collectively "Plaintiffs") filed their Response in Opposition to Defendant Lewis and Roca, LLP's Motion to Compel Responses to its Third Set of Interrogatories [Doc. 98] on April 29, 2013 ("Response"). Plaintiffs filed their Reply in Support of Motion to Compel Plaintiffs' Responses to Third Set of Interrogatories and Memorandum in Support (Doc. 93) [Doc. 100] ("Reply") on May 3, 2013. The Court, having heard the arguments of counsel on May 8, 2013, and having considered the parties' filings, the relevant law, and otherwise being fully advised, finds that Plaintiffs' Motion will be GRANTED.

**BACKGROUND FACTS**

This legal malpractice action arose from legal services provided by Defendants Lewis and Roca and Gulley to Plaintiffs when Plaintiffs were sued in a contract dispute by Guidance Endodontics, LLC ("Guidance").[1]  [Doc. 47 at 1; Doc. 50 at 1.] The underlying litigation was tried to a jury which returned a verdict on October 9, 2009, in favor of Guidance in excess of $44 million, including compensatory, nominal, and punitive damages. [UL Doc. 440;[2] Doc. 50 at 1; Doc. 47 at 2.] Finding this amount excessive, the trial judge ordered a remittitur of the nominal and punitive damages so that the judgment against Dentsply and TDP in the underlying litigation totaled $8,160,002.00.[3] *Id.* The trial judge offered Guidance the option of accepting the remittitur or "should Guidance Endodontics reject the Court's remitted award, the Court will conduct a full-blown retrial." *Guidance*, 08-cv-01101-JB-KBM, Memorandum Opinion and Order [UL Doc. 632 at 49] filed on May 9, 2011.

After the trial, Plaintiffs hired Morgan Lewis & Bockius, LLP ("Morgan") as counsel for purposes of post-trial matters and the appeal. [Doc. 50 at 1.]  In August of 2011, with the assistance of Morgan, Plaintiffs settled the underlying litigation for $11,500,000.00, an amount exceeding the remittitur. [Doc. 47 at 2; UL Doc. 672 (Stipulation of Dismissal filed August 19,

---

[1] The underlying breach of contract case was styled *Guidance Endodonitcs, LLC v. Dentsply International, Inc*., et. al, No. 1:08-cv-01101-JB-KBM (D.N.M. 2011) ("underlying litigation"). The contract at issue was the Supply Agreement. [UL 434 at 3.]

[2] Docket entries from the underlying litigation are cited as "UL Doc."  Otherwise, the citations are to docket entries in the instant case.

[3] "When a court concludes that there was error only in the excessive damage award, but not error tainting the finding of liability, it may order a remittitur or grant a new trial if the plaintiff refuses to accept the remittitur." *Klein v. Grynberg*, 44 F.3d 1497, 1504 (10th Cir. 1995). "A remittitur is a substitution of the court's judgment for that of the jury regarding the appropriate award of damages." *Cartel Asset Mgmt. v. Ocwen Fin. Corp*., 249 F. App'x 63, 80-81 (10th Cir. 2007)(quoting *Johansen v. Combustion Eng'g*, 170 F.3d 1320, 1331 (11th Cir. 1999)). "No judgment for a remittitur may be entered without the plaintiff's consent because the Seventh Amendment prohibits the court from substituting its judgment for that of the jury's regarding any issue of fact." *Sloan v. State Farm Mut. Auto. Ins. Co.,* 360 F.3d 1220, 1225 (10th Cir. 2004). The plaintiff therefore has "the option of a new trial in lieu of remitting a portion of the jury's award." *Sloan*, 360 F.3d at 1225.

2011.] Defendants remained counsel of record to Plaintiffs until June of 2011. [UL Doc. 641.] At the hearing, counsel explained that while Defendants conducted post-trial motions practice, they were not included in any discussions with regard to settling the underlying case. Plaintiffs retained Goodell DeVries Leech & Dunn, LLP ("Goodell") to pursue this legal malpractice action. [Doc. 50 at 1 – 2.]

In the instant lawsuit, Plaintiffs assert that Defendants' alleged breach of the standard of care in the underlying litigation forced them to settle the matter. [Doc.1 at 18, and 20.] Plaintiffs seek damages of the full amount paid to settle the underlying litigation, attorney fees incurred in the underlying litigation, attorney fees incurred in post-trial and settlement proceedings, attorney fees for the instant malpractice action, and pre and post judgment interest totaling in excess of $15,000,000.00. [Doc. 1 at 18, 20, and 21.]

Defendants' instant Motion seeks to compel Plaintiffs to answer Interrogatories which they claim are designed to elicit information relevant to their defenses. Defendants argue that the information sought is relevant to their theory that Plaintiffs' goal in the underlying litigation was to eliminate contractual obligations to supply dental tools to Guidance and to eliminate Guidance as a competitor in the dental tool market. [Doc. 93 at 2.] Defendants' claim that this goal was the primary purpose of the underlying litigation and the reason Plaintiffs' ultimately settled the case for more than the remitted amount. [Doc. 93 at 2.] The Interrogatories at issue request information concerning sales to Guidance's customers during and after the underlying litigation as well as information regarding the current status of Guidance as a competitor of Plaintiffs in the endodontic instrument market. *Id*. Defendants' claim that Interrogatory Nos. 22 through 27 will demonstrate how Plaintiffs accomplished these alleged objectives and obtained the benefits thereof. *Id*.

Plaintiffs objected to all of the Interrogatories at issue the same way: claiming that the Interrogatories are overbroad and irrelevant to Plaintiffs' claims.[4]  Plaintiffs argued in their briefing and at the hearing that the information is irrelevant to their claims of malpractice and that Defendants are using the discovery process as a "fishing expedition." [Doc. 98 at 2.]

At the hearing, the parties agreed that should the Court grant this Motion, any information would be disclosed pursuant to mutually agreeable confidentiality order.

## **RELEVANT LAW**

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). "The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, discovery shall be limited by the Court "if it determines that ... the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. (b)(2)(iii). Federal courts have held that the scope of discovery under Rule 26 is deliberately broad. *Hickman v. Taylor*, 329 U.S. 495, 501 (1974); see *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Sanchez v. Matt*, 229 F.R.D. 649, 654 (D.N.M. 2004 (Browning, J.).  Broad discovery is not

---

[4] Plaintiffs' objection states:

> Plaintiffs object to this Interrogatory.  Under the operative law, parties are not permitted to engage in overbroad discovery that does not specifically pertain to the claims at issue in a case. Martinez v. Cornell Corrections of Texas, 229 F.R.D. 215, 218 (D.N.M.2005).  Plaintiffs object to this Interrogatory on the ground that it seeks information that is irrelevant to Plaintiffs' claims. Further, the Interrogatory is immaterial to the matters at issue in the case and is not reasonably calculated to lead to the discovery of admissible evidence under the Federal Rules. Plaintiffs rest on their objection.

Plaintiffs set out this objection fully in response to Interrogatory No. 22 and refer to it in their responses to Interrogatory Nos. 23 through 27.  [Doc. 93-1 at 4 – 5.]

without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant. *Martinez v. Cornell Corrections of Texas*, 229 F.R.D. 215, 218 (D.N.M.2005) (quoting *Gomez*, 50 F.3d at 1520)(internal quotations omitted.)

A discovery request is considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *Cardenas v. Dorel Juvenile Group, Inc.,* 232 F.R.D. 377, 382 (D. Kan. 2005). Consequently, a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party. *Id.* When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Id.* Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request. *Cardenas*, 232 F.R.D. at 382-83. A district court is not, however, "required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim." *McGee v. Hayes*, 43 Fed.Appx. 214, 217 (10th Cir. 2002) (unpublished). "[B]road discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp*., 50 F.3d at 1520.

A party is required to answer an interrogatory separately and fully, unless it is objected to, in which event the objecting party will answer to the extent the interrogatory is not objectionable. Fed. R. Civ. P. 33(b)(1). "[A]ll grounds for an objection to an interrogatory shall be stated with specificity." Fed. R. Civ. P. 33(b)(4). The burden is on the objecting party to show why an interrogatory is improper. 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal

Practice & Procedure § 2173, at 291-92. Unless an interrogatory is vague or overly broad on its face, the party objecting to discovery as vague or overbroad has the burden to show such vagueness or overbreadth. *In re Urethane Antitrust Litig.*, 237 F.R.D. 454, 458 (D. Kan. 2006) on reconsideration sub nom. *In re: Urethane Antitrust Litig.*, 04 MD 1616JWL DJW, 2007 WL 140987 (D. Kan. Jan. 17, 2007). The party resisting discovery as unduly burdensome bears burden of showing facts demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome; this includes the obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money, and procedure required to produce the requested documents, *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 641 (D. Kan. 2003). A party resisting facially overbroad or unduly burdensome discovery, however, need not provide specific, detailed support. *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538, n. 21 (D. Kan. 2003) (quoting *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 666 (D.Kan.1999).

## DISCUSSION

Plaintiffs object to the Interrogatories as irrelevant and immaterial to their claims of malpractice. [Doc. 98 at 1, 3 – 5.] Plaintiffs' argument ignores that the scope of relevancy extends not only to the claims presented, but also to defenses. As noted above, a discovery request is considered relevant if there is any possibility that the information sought may be relevant to the claim <u>or defense</u> of any party. *Cardenas*, 232 F.R.D. at 382 (emphasis added). Defendants have demonstrated that the Interrogatories request information relevant to their defenses which include the theory that Plaintiffs' primary objective was to eliminate their obligations under the Supply Agreement and eliminate Guidance as a competitor in the dental supply market. Further, Defendants explain that they intend to prove Plaintiffs' decision to settle

the underlying litigation was not a consequence of the Defendants' alleged malpractice, but a business decision to secure Plaintiffs' position in the market. The Interrogatories are clearly designed to elicit information that support these theories. For example, as Defendants point out, the Interrogatories request information concerning sales to Guidance's customers during and after the underlying litigation as well as information regarding the current status of Guidance as a competitor in the endodontic instrument market. [Doc. 93 at 2.] If the discovery demonstrates that Plaintiffs' have successfully secured their position in the market or eliminated Guidance as a competitor, this information could serve to rebut Plaintiffs' claim that it was malpractice, rather than a business decision, which proximately caused their damages.

Since the discovery requests are not seeking documents and information beyond the claims or defenses, they are not a "fishing expedition" as characterized by Plaintiffs. See, e.g., *Martinez*, 229 F.R.D. at 219 (defining a fishing expedition as requests which seek documents and information beyond the claims or defenses or subject matter of the lawsuit). Accordingly, the Court finds that the information requested in Interrogatory Nos. 22 through 27 is relevant to the defenses made in this case and appears reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs' further object to the Interrogatories as overly broad, however, they fail to provide any support for this objection. Unless an interrogatory is overly broad on its face, the party objecting to discovery as overbroad has the burden to show such overbreadth. *In re Urethane Antitrust Litig.*, 237 F.R.D. at 458. In their response, Plaintiffs did not discuss how the Interrogatories are overly broad. Instead, for the first time, Plaintiffs raise the objection that the Interrogatories at issue are expensive and unduly burdensome. [Doc. 98 at 3.] Since this objection was not made in their original response, it is waived. The Court may deem waived any

objection not initially asserted in response to a discovery request. *Robinson v. City of Arkansas City, Kan.*, 10-1431-JAR-GLR, 2012 WL 603576 (D. Kan. Feb. 24, 2012) review denied, 10-1431-JAR, 2012 WL 1674255 (D. Kan. May 14, 2012). In the context of Rule 33, untimely objections are waived unless the court, for good cause, excuses the failure. *Id*. (quotations and citations omitted). Plaintiffs do not offer any explanation why they failed to initially object to the Interrogatories as unduly burdensome. Consequently, Plaintiffs have waived this objection.

Even if Plaintiffs had timely objected to the Interrogatories as unduly burdensome, they fail to support this objection. Unless the request is unduly burdensome on its face, Plaintiff, as the party resisting discovery, has the burden to support its objections. *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 688-89 (D. Kan. 2004). The objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, the discovery request is unduly burdensome by submitting affidavits or offering evidence revealing the nature of the burden. *Id.*

Plaintiffs do not submit an affidavit or offer any evidence revealing the nature of the burden except to claim that it would take two (2) people about one hundred (100) hours to compile the information requested. [Doc. 98 at 3, n. 1.] Plaintiffs do not give an explanation of the estimated costs associated with the production of the information. The Court finds that two people taking about one hundred hours to produce information in a case of this magnitude is not unduly burdensome. Plaintiffs' argument is further undermined by the fact that they were ordered to produce similar information sought in the underlying litigation. [UL Doc. 276 at 3.] [5]

---

[5] In the underlying litigation, Judge Browning ordered Dentsply and TDP "to produce a list of all Guidance customers who purchased endodontic files from [Dentsply and TDP] through the Godfather promotion (noting that the Godfather promotion was a promotional campaign aimed at Guidance customers [UL Doc. 276 at 3 n.2]) after September 1, 2008, as well as what products were purchased, the number of units purchased, and what price was paid for the purchase." [UL Doc. 276 at 3; Doc. 100 at 3.]

**CONCLUSION**

The Court finds that the information sought in Defendants' Interrogatory Nos. 22 – 27 is relevant; that Plaintiffs have waived any objection that the production of the information sought is unduly burdensome; and even if the objection had been timely, it is not an undue burden to produce the requested information. Therefore, Plaintiffs' objections are overruled and Defendants' Motion to Compel Plaintiffs' Responses to Third Set of Interrogatories and Memorandum in Support [Doc. 93] is GRANTED.  The Parties will submit a mutually agreed upon confidentiality order within ten (10) calendar days of the filing of this Memorandum Opinion and Order. Plaintiffs will have twenty (20) calendar days from the filing of the confidentiality order in which to produce the information requested in Defendants' Third Set of Interrogatories.[6]

**IT IS SO ORDERED.**

_____
Alan C. Torgerson
United States Magistrate Judge

---

[6] In the prayer for relief, Defendants ask the Court to order Plaintiffs to produce any documents upon which they rely in responding to said discovery requests. [Doc. 93 at 7.]   However, because there is no formal request for the production of such documents at issue in this motion and Plaintiffs have not had the opportunity to review and make objections to any such requests, the Court declines to order their production.