IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENTSPLY INTERNATIONAL, INC.,
a Delaware Business Corporation, and
TULSA DENTAL PRODUCTS, LLC,
a Delaware Limited Liability Company,

       Plaintiffs,

vs.                                  Civ. No. 12-104 KG/ACT

LEWIS AND ROCA, LLP
and THOMAS P. GULLEY, ESQ.,

       Defendants.

MEMORANDUM OPINION AND ORDER

Defendants move for summary judgment on Plaintiffs' claim that Defendants' legal

malpractice proximately caused the Honorable United States District Court Judge James O.

Browning to erroneously conclude in *Guidance Endodontics, LLC v. Dentsply International,*

*Inc., et al.*, Civ. No. 08-1101 JB/KBM (Underlying Action) that, as a matter of Delaware law, the

Manufacturing and Supply Agreement (MSA) between Plaintiffs and Guidance Endodontics,

LLC (Guidance) was ambiguous concerning Guidance's obligation to provide Plaintiffs with

engineering drawings prior to their manufacturing of V2 endodontic files (V2).[1] *See* Defendants'

Motion for Partial Summary Judgment on Plaintiff's [sic] Claims Regarding the Purported Non-

Ambiguity of the Contract at Issue in the Underlying Action, and Supporting Memorandum

(Doc. 49) (Motion for Partial Summary Judgment), filed Nov. 14, 2012.  Plaintiffs responded to

the Motion for Partial Summary Judgment by filing, on December 3, 2012, Plaintiffs' Opposition

to Lewis and Roca LLP's Motion for Partial Summary Judgment on Plaintiffs' Claims Regarding

---

[1] The parties agree that Delaware law governs the MSA.

the Purported Non-Ambiguity of the Contract at Issue in the Underlying Action and Request for

Hearing (Doc. 51).  On December 20, 2012, Defendants filed Defendants' Reply in Support of

their Motion for Partial Summary Judgment on Plaintiffs' Claims Regarding the Construction of

the Contract at Issue in the Underlying Action (Doc. 49), (Doc. 59).

A.  *Background*

      1.  *The Underlying Action:  Undisputed Facts Pertinent to this Motion for Partial Summary Judgment*

This is a legal malpractice case arising from the Underlying Action in which Guidance

sued Plaintiffs for not complying with the MSA.  Defendants represented Plaintiffs in the

Underlying Action.  Plaintiffs allege that they agreed in the MSA "to manufacture and supply

certain endodontic products to Guidance… provided that Guidance met certain obligations and

preconditions." Complaint and Demand for Trial by Jury (Doc. 1) (Complaint) at ¶ 14, filed Feb.

2, 2012.  Plaintiffs further allege that on or about September 24, 2008, they told Guidance that

they could not manufacture endodontic files known as the V2 because the MSA required

Guidance to provide Plaintiffs with "detailed engineering drawings as a prerequisite to

[Plaintiffs'] manufacturing obligations, and Guidance had not met that condition precedent."  *Id.*

at ¶ 15.  In November 2008, Guidance filed the Underlying Action in federal district court

bringing breach of contract and other claims based on Plaintiffs' failure to manufacture the V2

and to supply other devices under the MSA.  Plaintiffs counterclaimed with their own breach of

contract and other related claims.

Judge Browning tried the Underlying Action to a jury from September 21, 2009 through

October 9, 2009.  Prior to the jury trial, Judge Browning decided that, as a matter of Delaware

law, the MSA was ambiguous with respect to whether the engineering drawings requirement

applied to the V2.  Judge Browning made that decision by examining only the language of the

MSA.  He subsequently instructed the jury to resolve that ambiguity issue. The jury found that Plaintiffs breached the MSA by not manufacturing the V2 and by not supplying certain devices. The jury ultimately awarded Guidance over $44 million in compensatory, nominal, and punitive damages.

After the jury trial, Plaintiffs filed a motion for new trial based, in part, on Judge Browning's ambiguity decision concerning Guidance's obligation to provide Plaintiffs with engineering drawings prior to the manufacturing of the V2.  Judge Browning denied that motion explaining that "[i]n conformity with Delaware law, the Court sought to resolve as many of the relevant details of the contract without the aid of extrinsic evidence, relying instead solely on the text contained within the four corners of the Supply Agreement."  Memorandum Opinion and Order (Doc. 613) at 33, filed Aug. 3, 2010, in Civ. No. 08-1101 JB/KBM.  Judge Browning later ordered a remittitur of the nominal and punitive damages thereby reducing the judgment against Plaintiffs to $8,160,002.00.  Judge Browning provided Guidance with the option of either accepting the remittitur or re-trying the case.  Plaintiffs then filed a notice of appeal with respect to Judge Browning's ambiguity decision.  Finally, in August 2011, the parties settled the Underlying Action for $11,500,000.00 in damages to Guidance and the parties stipulated to a dismissal of the appeal.

   *2.  Plaintiffs' Claims*

Plaintiffs bring one count of legal malpractice against both Defendants and one count of breach of contract and breach of the covenant of good faith and fair dealing against Defendant

Lewis and Roca, LLP.[2]  Plaintiffs claim that Defendants breached the standard of care in litigating the Underlying Action, failed to develop a theory of the case before trial, failed to conduct adequate and appropriate discovery, failed to retain appropriate expert witnesses or to elicit necessary expert testimony, failed to object to erroneous jury instructions and actually invited error, failed to file appropriate motions, and failed to preserve key issues for appeal. Although Plaintiffs assert various allegations to support the above claims, the only allegation at issue in this Motion for Partial Summary Judgment is the following:  Defendants' legal malpractice proximately caused Judge Browning to erroneously conclude, as a matter of Delaware law, that the MSA's language regarding Guidance's obligation to submit engineering drawings to Plaintiffs prior to manufacturing the V2 was ambiguous.

### 3. The Motion for Partial Summary Judgment

Defendants argue that they are entitled to summary judgment on the malpractice claim related to Judge Browning's ambiguity ruling on Guidance's obligation to provide Plaintiffs with V2 engineering drawings for three reasons.  First, Defendants argue that Plaintiffs' failure to pursue their appeal of Judge Browning's ambiguity decision constitutes a waiver of Plaintiffs' right to bring a legal malpractice action based on that decision.  Second, Defendants argue that Plaintiffs are collaterally estopped from relitigating the ambiguity issue in this lawsuit.  Third, Defendants argue that even without the above procedural impediments, the MSA was facially ambiguous with respect to Guidance's obligation to submit engineering drawings to Plaintiffs prior to their manufacturing of the V2, and Defendants' alleged malpractice did not proximately

---

[2] On June 6, 2012, the parties stipulated to a voluntary dismissal of Plaintiffs' claim of breach of fiduciary duty.  *See* Stipulation of Voluntary Dismissal of Count III of the Complaint Without Prejudice (Doc. 32). On September 24, 2013, the Court dismissed the breach of contract and breach of the covenant of good faith and fair dealing claims against Defendant Thomas P. Gulley, Esq.  *See* Partial Summary Judgment as to Defendant Gulley (Doc. 162).

cause Judge Browning to erroneously rule, as a matter of Delaware law, that the MSA was ambiguous regarding that particular obligation.

Plaintiffs respond to the Motion for Partial Summary Judgment first by requesting a hearing on that motion and by asserting that they cannot properly respond to the Motion for Partial Summary Judgment without further discovery. Nonetheless, Plaintiffs contend that the waiver argument fails because an appeal would not have cured the harm caused by Defendants' alleged malpractice. Plaintiffs also contend that the collateral estoppel elements are not present in this case.  Finally, Plaintiffs contend that Defendants' malpractice proximately caused Judge Browning to erroneously rule on the ambiguity issue because Judge Browning stated that had Defendants conducted appropriate discovery and had Defendants locked Guidance into making certain admissions, Plaintiffs may have been entitled to summary judgment on the breach of contract claim.

B.  *Discussion*

    *1.  Plaintiffs' Request for Hearing*

Having reviewed the arguments by counsel and the submitted evidence, the Court determines that a hearing on the Motion for Partial Summary Judgment is unnecessary. Consequently, the Court will deny Plaintiffs' request for a hearing.

    *2.  Plaintiffs' Request to Engage in Discovery:  Fed. R. Civ. P. 56(d)*

Rule 56(d) states that if a nonmovant to a motion for summary judgment "shows by affidavit or declaration that, for <u>specified</u> reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, the Court may "allow time to obtain affidavits or

declarations or to take discovery…."[3]  Emphasis added.  The Tenth Circuit Court of Appeals has

held that the nonmovant must "identify the unavailable facts, why the facts cannot be presented,

the steps taken to obtain them, and how additional time will help the party obtain the facts and

rebut the motion for summary judgment."  *Freeman v. Carroll*, 506 Fed. Appx. 694 (10th Cir.

2012) (unpublished decision) (citing *Valley Forge Ins. Co. v. Health Care Mgmt. Partners Ltd.*,

616 F.3d 1086, 1096 (10th Cir. 2010)).  Courts generally have wide discretion to allow discovery

under Rule 56(d) and courts should treat Rule 56(d) affidavits liberally.  *Lewis v. City of Ft.

Collins*, 903 F.2d 752, 758 (10th Cir. 1990).

Plaintiffs submit an Affidavit by Cheryl Zak Lardieri, counsel for Plaintiffs, to support

their Rule 56(d) request for discovery.  Ms. Lardieri notes that written discovery has not been

completed and that no depositions have been taken. Ex. 1 (Doc. 51-1) at ¶¶ 3, 4. She also states,

in a conclusory manner, that "the issue of contract ambiguity … will be addressed in the written

discovery and at the depositions." *Id*. at ¶ 5.  Even liberally construing Ms. Lardieri's Affidavit,

the Court is hard-pressed to find that Ms. Lardieri has specifically identified the unavailable facts

she seeks, why those facts cannot be presented despite some discovery having taken place, what

specific steps she has taken to obtain those facts, and how additional time will help the Plaintiffs

to obtain those facts and to rebut the Motion for Partial Summary Judgment.  Plaintiffs have,

therefore, failed to convince the Court that it should delay ruling on the Motion for Partial

Summary Judgment in order to engage in discovery.  Consequently, the Court will deny

Plaintiffs' Rule 56(d) request for discovery.

---

[3] Prior to December 1, 2010, Rule 56(d) was codified at Fed. R. Civ. P. 56(f).  Rule 56(d) is not
substantially different from former Rule 56(f).  *See* Rule 56 Advisory Committee Notes (2010
Amendments).  Hence, when discussing Rule 56(d) it is appropriate to cite to cases decided prior
to December 1, 2010 which refer to Rule 56(f).

3. *The Motion for Partial Summary Judgment*

     a. *The Summary Judgment Standard*

Summary judgment is appropriate if there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[4] When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

     b. *Whether the MSA was Facially Ambiguous Regarding Guidance's Obligation to Provide Plaintiffs with Engineering Drawings Prior to Their Manufacturing of the V2, and Whether Defendants' Alleged Malpractice Proximately Caused Judge Browning to Erroneously Rule, as a Matter of Delaware law, that the MSA was Ambiguous with Respect to that Obligation*

The Court will address the Defendants' third argument in favor of summary judgment first because it is clearly dispositive of the Motion for Partial Summary Judgment. Defendants argue that no reasonable jury could find that Defendants' actions related to Judge Browning's ambiguity ruling constitute legal malpractice. In New Mexico, plaintiffs can recover on a claim

---

[4] Rule 56 was amended effective December 1, 2010, but the standard for granting summary judgment remains unchanged.

of legal malpractice based on negligent actions by proving that "(1) the defendant attorneys represented them; (2) the defendant attorneys did not exercise a reasonable care of duty; and (3) that negligence resulted in and was the proximate cause of loss to the plaintiffs." *Glenborough Corp. v. Sherman & Howard*, 1996-NMCA-005 ¶ 8, 121 N.M. 253 (citation omitted).  Here, Defendants focus on Plaintiffs' inability to produce evidence to show that they have met the proximate cause element as it relates to Judge Browning's ambiguity decision.[5]

Defendants specifically contend that Judge Browning properly followed Delaware law when he examined the MSA, on its face, to determine, as a matter of law, whether the MSA was ambiguous. *See Paul v. Deloitte & Touche, LLP*, 974 A.2d 140, 145 (Del. 2009) ("In analyzing disputes over the language of a contract, we give priority to the intention of the parties [and] start by looking to the four corners of the contract to conclude whether the intent of the parties can be determined from its express language."; *HIFN, Inc. v. Intel Corp.*, 2007 WL 1309376 *9 (Del. Ch. 2007) (unpublished decision) ("A determination of whether a contract is ambiguous is a question for the court to resolve as a matter of law."); *OSI Sys., Inc. v. Instrumentarium Corp.*, 892 A.2d 1086, 1090 (Del. Ch. 2006) ("[T]he proper interpretation of language in a contract, while analytically a question of fact, is treated as a question of law both in the trial court and on appeal....") (internal quotation marks and citation omitted).  Because Judge Browning limited his analysis to the four corners of the MSA, Defendants argue that any alleged malpractice by Defendants could not have affected his final decision that the MSA, as a matter of Delaware law, was ambiguous with respect to Guidance's obligation to provide engineering drawings to Plaintiffs prior to their manufacturing of the V2.  Additionally, Defendants contend that Judge

---

[5] The issue of proximate cause is generally a question of fact in New Mexico. *Andrews v. Saylor*, 2003-NMCA-132, 134 N.M. 545. However, when reasonable minds cannot differ on the issue of proximate cause, the issue of proximate cause becomes a question of law. *See Cain v. Champion Window Co. of Albuquerque, LLC*, 2007-NMCA-085 ¶ 26, 142 N.M. 209.

Browning correctly concluded, as a matter of Delaware law, that the MSA was ambiguous regarding that specific obligation.

Plaintiffs note that Defendants admit that the MSA contains "several critical ambiguities which cannot be resolved without reference to extrinsic evidence."  Motion for Partial Summary Judgment at 15.  Plaintiffs also rightly indicate that Delaware law provides for the use of extrinsic evidence to resolve ambiguous contract language.  *See Eagle Industries, Inc. v. DeVilbiss Health Care, Inc.*, 702 A.2d 1228, 1232 (Del. Supr. 1997) (when a contract is ambiguous, "the interpreting court must look beyond the language of the contract to ascertain the parties' intentions.").  Plaintiffs further contend that Defendants acted negligently by failing to obtain certain discovery, i.e., extrinsic evidence, which Judge Browning acknowledged in a footnote might have entitled Defendants to summary judgment on the breach of contract claim concerning the manufacturing of the V2.  *See* Memorandum Opinion and Order (Doc. 613) at 52 n.28, in Civ. No. 08-1101 JB/KBM.

Unfortunately, Plaintiffs' assertions miss the point of Defendants' proximate cause argument.  To begin with, as Defendants correctly observe, Plaintiffs do not fault Judge Browning's determination of ambiguity.  Instead, Plaintiffs seem to argue that since the MSA contains ambiguities, Judge Browning should have referred to extrinsic evidence to resolve the ambiguities, extrinsic evidence which Defendants' allegedly failed to obtain.  Under Delaware law, if a contract is ambiguous, "the fact-finder must consider admissible extrinsic evidence.  In those cases, summary judgment is improper."  *GMG Capital Investments, LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776, 783 (Del. Supr. 2012).  In this case, the fact finder was the jury, not Judge Browning.  Hence, only the jury could consider extrinsic evidence in interpreting the MSA, which the jury did.  Since Judge Browning was not allowed to consider

9

any extrinsic evidence in making the initial ambiguity determination, Defendants' alleged failure to obtain extrinsic evidence is simply not relevant to Judge Browning's decision on ambiguity. Plaintiffs, therefore, have not presented any facts to demonstrate that a reasonable jury could find that Defendants' alleged malpractice proximately caused Judge Browning to erroneously conclude, as a matter of Delaware law, that the MSA was ambiguous on the subject of Guidance's obligation to present engineering drawings to Plaintiffs prior to their manufacturing of the V2.  Consequently, Defendants are entitled to summary judgment on that particular allegation of malpractice.  Considering this conclusion, the Court determines that it is unnecessary to address Defendants' other arguments in favor of summary judgment on Plaintiffs' malpractice claim based upon Judge Browning's ambiguity decision.

   IT IS ORDERED that

   1.  Plaintiffs' request for a hearing on the Motion for Partial Summary Judgment is denied;

   2.  Plaintiffs' Rule 56(d) request for discovery is denied;

   3.  Defendants' Motion for Partial Summary Judgment on Plaintiff's [sic] Claims Regarding the Purported Non-Ambiguity of the Contract at Issue in the Underlying Action, and Supporting Memorandum (Doc. 49) is granted;

   4.  partial summary judgment will be entered in favor of Defendants on Plaintiffs' claim that Defendants' malpractice proximately caused Judge Browning to erroneously conclude, as a matter of Delaware law, that the MSA was ambiguous with respect to Guidance's obligation to present engineering drawings to Plaintiffs prior to their manufacturing of the V2; and

   5.  Plaintiffs' claim that Defendants' legal malpractice proximately caused Judge Browning to erroneously conclude, as a matter of Delaware law, that the MSA was ambiguous

with respect to Guidance's obligation to present engineering drawings to Plaintiffs prior to their manufacturing of the V2 will be dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE